

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM** | ) **CRIMINAL CASE NO. CF97-12** |
| | ) |
| | ) **DECISION AND ORDER** |
| | ) |
| v. | ) (**Defendant's Motion for a Bill of** |
| | ) **Particulars or to Dismiss and Motion to** |
| **NICHOLAS FAUSTO CAMADDU,** | ) **Dismiss the Superseding Indictment)** |
| **DOB:09/13/1960** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on February 18, 2013, on Nicholas Fausto Camaddu's ("Defendant") Motion for a Bill of Particulars or to Dismiss. The Court also heard Defendant's Motion to Dismiss the Superseding Indictment. Defendant was represented by Assistant Alternate Public Defender John P. Morrison. Assistant Attorney General Matthew S. Heibel appeared on behalf of the People of Guam ("the People). Following the hearing, the Court took the matter under advisement. Upon review of the oral and written arguments, and legal authorities presented by both parties, the Courts issues its Decision and Order **DENYING** Defendant's Motion for a Bill of Particulars and Motion to Dismiss the Superseding Indictment.

### BACKGROUND

The Superior Court of Guam Grand Jury returned a true bill in the above-captioned case on February 17, 2012. Defendant was indicted on the following charges: (1) First Degree Criminal Sexual Conduct (as a 1st Degree Felony) and (2) Second Degree Criminal Sexual

People v. Nicholas Fausto Camaddu (CF97-12)
Decision and Order – Def.'s Mot. for a Bill of Particulars or to Dismiss /Mot. to Dismiss the Superseding Indictment

Page 1 of 8

Conduct (as a 1st Degree Felony). Indictment (Feb. 17, 2012). On February 22, 2012, Defendant was arraigned. Defendant entered a plea of not guilty and waived his right to a speedy trial.[1] Super. Ct. of Guam Minute Entry Log No. 11632 (Feb. 22, 2012).

The Court set this matter for jury selection and trial on December 17, 2012. See Scheduling Order (Oct. 18, 2012). However, jury selection in the instant case was vacated due to unresolved matters relative to the availability of an off-island witness. At the same time, the Court took a Motion to Permit Live Video Testimony of Witness and Defendant's Motion in Limine to Prohibit Introduction of Prior Bad Act Evidence under advisement. Hence, the Court decided to set CF275-12, another case involving Defendant, to proceed to trial first and have the case at bar trail.

On January 22, 2013, the Superior Court of Guam Grand Jury handed down a superseding indictment in the above-captioned case. The superseding indictment charges out the following: (1) First Degree Criminal Sexual Conduct (as a 1st Degree Felony) (2 counts) and (2) Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) (4 counts). Superseding Indictment (Jan. 22, 2013). Defendant was arraigned on the additional counts on January 23, 2013. On January 29, 2013, Defendant filed Motion for a Bill of Particulars and to Dismiss the Superseding Indictment. The People filed their opposition to both motions on February 6, 2013. The Court heard oral arguments on February 18, 2013.

## DISCUSSION

### Motion for Bill of Particulars

Defendant moves the Court for a Bill of Particulars pursuant to 8 GCA § 55.30 or to dismiss all charges. See Def.'s Mot. for a Bill of Particulars or to Dismiss (Jun 29, 2013).

---

[1] Defendant asserted his right to a speedy trial on December 10, 2012. Because several motions were taken under advisement on December 17, 2012, the assertion was tolled until January 18, 2013, when the Court issued its Decision and Order. On January 24, 2013, Defendant waived his right to a speedy trial.

Defendant argues that "[n]one of the counts of charges dealing with these roughly two to three month time periods, specify with particularity whether these alleged acts are part of a continuing course of conduct, and when, in more particularity, they occurred." *Id.* at 2. "Additionally, the dates alleged in the superseding indictment are broader than those previously in the original indictment." *Id.* at 2-3. "Based on necessity, [Defendant], through counsel, requests an order directing the prosecution to serve and file a Bill of Particulars specifically setting forth the following with respect to the Counts and Charges that address the time period between November 2011 and February 6, 2012: When and where, with more particularity, and the time, dates, and places on which [Defendant] is alleged to have engaged in these acts?" *Id.* at 3-4. Defendant contends that "[g]oing forward on the indictment, as drafted, would deprive [him] of effective assistance of counsel in preparing a defense, and may result in unfair surprise at trial and exposure to further jeopardy by repeated prosecutions." *Id.*

The People oppose Defendant's Motion for Bill of Particulars. The People do not dispute that "[a] defendant in a criminal case has the right to adequate notice of the charges against him both in statute and in case law." People's Opp'n Mot. for Bill of Particulars at 2 (Feb. 6, 2013). "However, the defendant's rights under the due process clause are not absolute. Claims of due process violations must be reviewed on a case by case basis, 'picked out in the facts and circumstances of each case.'" *Id.* at 3. The People argue that "[t]he Supreme Court of Guam has ruled that time is not an element of an offense, per se, for criminal sexual conduct charges and that a date range that does not hamper a defendant's right sufficiently apprises him/her of the charges with sufficient particularity." *Id.* at 4. Further, the People contend that the indictment provided adequate notice to the Defendant and that "the charging instrument is sufficient pursuant to our statutes which does not require the People to specify exact dates." *Id.*

at 4-5 (referring to 8 GCA § 55.10). The People also point out that Guam Code "does not allow for charging pursuant to the continuing course of conduct theory, thus each incident must be alleged in a separate count but requiring notice to the defendant that the incident charged is a separate and different incident; the People have done this." *Id.* at 5.

"A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). "It is designed to apprise the defendant of the specific charges being presented to minimize the danger or surprise at trial, to aid in preparation and to protect against double jeopardy." *Id.* "In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government. *Id.* (citing *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)).

Guam law provides for Bill of Particulars as follows:

> Whether or not an indictment or information complies with § 55.10, if it fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense, the court **may**, on motion of the defendant, require the prosecuting attorney to furnish the defendant with a **clarification** of the pleading containing **such particulars as may be necessary for the preparation of the defense**.

8 GCA § 55.30 (2005).

The Court recognizes that it has discretionary authority to require the People to furnish such a clarification, notwithstanding an indictment's conformance with 8 GCA § §55.10. "The law on statutory construction is well-settled. [I]f a statute is unambiguous, then judicial inquiry is complete." *People v. Quichocho*, 1997 Guam 13 ¶ 5 (citing *Rubin v. United States*, 449 U.S. 424 (1981). The "Bill of Particulars" statute is unambiguous. Therefore, the Court will review

the charges as drafted in the indictment to determine whether the exercise of its discretionary authority is appropriate.

Defendant is charged with two counts of First Degree Criminal Sexual Conduct. The two counts in Charge 1 are based on 9 GCA § 25.15(a)(1) and (b). First Degree Criminal Sexual Conduct provides as charged:

> (a) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with the victim and if any of the following circumstances exist:
> (1) the victim is under fourteen (14) years of age;

9 GCA §25.15(a)(1).

Defendant is also charged with four counts of Second Degree Criminal Sexual Conduct. The 4 counts in Charge 2 are based on 9 GCA § 25.20(a)(1) and (b). Second Degree Criminal Sexual Conduct provides as charged:

> (a) A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if any of the following circumstances exist:
> (1) that other person is under fourteen (14) years of age;

9 GCA § 25.20(a)(1).

"It is a cardinal principal of our criminal law that an indictment is sufficient which apprises a defendant of the crime with which he is charged so as to enable him to prepare his defense and to plead judgment of acquittal or conviction as a plea to a subsequent prosecution for the same offense." *People v. Jones,* 2006 Guam 13 ¶ 12 (citing *Portnoy v. United States,* 316 F.2d 486, 488 (1st Cir. 1963). As to the first charge, it alleges that Defendant engaged in sexual penetration by "causing his finger to penetrate the vagina of A.N.C., a minor under fourteen years of age." The victim is under the age of fourteen as her date of birth is August 1, 2000. Accordingly, the Court finds that the charging document tracks the language of 9 GCA § 25.15

(a)(1). As to the second charge, the victim again is under the age of fourteen. Charge 2, count 1 alleges that the Defendant caused "his finger to touch the primary genital area of the victim." Count 2 alleges the Defendant caused his finger to touch the primary genital area of the victim." Count 3 alleges the Defendant caused "his hand to touch the inner thigh of the victim." Count 4 alleges that Defendant caused the hand of A.N.C. to touch his penis. All counts track the language of Second Degree Criminal Sexual Conduct as charged pursuant to 25.20 (a)(1). Moreover, sexual contact "includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actors intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification." 9 GCA § 25.10(a)(8).

Defendant also argues that the time factor is not spelled out in specificity. It is well established that an indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *Jones,* 2006 Guam 13 ¶ 12 (citing *U.S. v. Givens,* 767 F.2d 574, 584 (9th Cir. 1985). "To prove Second Degree Criminal Sexual Conduct, there must exist evidence of the following elements: (1) defendant engaged in sexual contact with another; and (2) the other person is under fourteen (14) years of age." *People v. Campbell,* 2006 Guam 14 ¶ 15. The same would hold true for First Degree Criminal Sexual Conduct. The only difference is that First Degree Criminal Sexual Conduct requires proof of sexual penetration.

"Time is a material element of an offense only if made so by statute." *Id.* "[S]ince time is not an element of criminal sexual conduct, it is sufficient if the evidence demonstrates a date reasonably near the date alleged in the indictment. Proof of any date before the return of the indictment and within the statute of limitations is sufficient." *Id.* at ¶ 17.

The Court finds the Superseding Indictment to sufficiently apprise Defendant of the charges against him. Consequently, the Court does not find any violation of Defendant's Due Process Rights.

**Motion to Dismiss the Superseding Indictment**

Defendant moves the Court to dismiss the Superseding Indictment "as the government has absolutely no excuse for having waited nearly a year to file it." Def.'s Mot. to Dismiss the Superseding Indictment at 3 (Jan. 29, 2013). Defendant argues that the superseding indictment is not based on any new information. "In essence, the Government filed completely new charges on the eve of trial." Id. Defendant moves for dismissal pursuant to 8 GCA §80.70(b).

The People oppose Defendant's motion. They argue that Defendant is not prejudiced, had previously waived his right to speedy trial and has again waived his right to a speedy trial. People's Opp'n Mot. at 2 (Feb. 6, 2013). The People further contend that "[h]here, as in *Flores,* [2009 Guam 22,] the first indictment is different than the superseding indictment in the crimes charged. Second, Guam statutory law differs from the federal statute and other state statutes regarding time for trial, tolling the time for trial, and restarting the trial clock where a superseding indictment occurs." *Id.*

The authority cited by Defendant to dismiss reads:

> (b) If there is unnecessary delay in bringing a defendant to trial, the court, on its own motion, may dismiss the indictment, information or complaint. The reasons for the dismissal shall be set forth in an order entered upon the minutes.

8 GCA § 80.70(b)(2005).

The note corresponding 8 GCA § 80.70(b) briefly touches on "unnecessary delay." "The test in Subsection (b) covers 'unnecessary delay' in taking any steps and embraces both dismissal for want of prosecution and for denial of the constitutional right to a speedy trial." 8

GCA § 80.70(b) Note. It is the Court's reading that 8 GCA § 80.70(b) also supplements the specific guidelines provided by § 80.60 when it comes to dismissal for unnecessary delay. In view of this, the Court also finds that such authority to dismiss based on unnecessary delay is discretionary. Defendant points out to the Federal system's Speedy Trial Act which requires the government to file their indictments within 30 days of a defendant's arrest. However, as pointed out by Defendant, Guam law does not have a statute identical to the Federal Speedy Trial Act.

With the case at bar, Defendant's statutory right to a speedy trial has never been violated. Defendant did assert at one point, however, the speedy trial clock has not run up to forty-five days, considering his incarceration. Defendant currently waives his right to a speedy trial and the superseding indictment against him does not run contrary to the orderly procession of justice. The superseding indictment as filed is within the People's province absent any violation to the Defendant's due process rights. Accordingly, the court does not find unnecessary delay to exercise its discretion to dismiss.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion for Bill of Particulars and Motion to Dismiss the Superseding Indictment.

A continued Pre-Trial Conference is scheduled for April 29, 2013 at 9:30 a.m.

**SO ORDERED** this _26_ day of APRIL, 2013.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

APR 26 2013

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam